IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHELBY TONTI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   Civil Action No. 20-92 |
| | ) |
| ANDREW M. SAUL, | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Linda Tonti ("Tonti") seeks judicial review of the Social Security Administration's denial of her claim for Supplemental Security Income ("SSI") and disability insurance benefits ("DIB"). She alleges a disability onset date of June 30, 2014. (R. 12) The ALJ denied her claim following a hearing, during which both Tonti and a vocational expert ("VE") testified. Following the hearing, Tonti submitted a post-hearing brief challenging various aspects of the VE's testimony. The ALJ denied benefits. Tonti then appealed. Before the Court are the parties' cross-motions for summary judgment. *See* ECF Docket Nos. 10 and 14. For the reasons below, the ALJ's decision is affirmed.

### Opinion

1. Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records on which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson*, 402 U.S. at 390, 91 S. Ct. 1420. A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196-7, 67 S. Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the

evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. The ALJ's Decision

As stated above, the ALJ denied Tonti's claim for benefits. At step one of the five step analysis, the ALJ found that Tonti had not engaged in substantial gainful activity since the alleged onset date. (R. 16) At step two, the ALJ concluded that Tonti suffers from the following severe impairments: status post microdiscectomy C5-6 for herniated nucleus pulposus, a right foot ligament sprain and posterior tibial tendonitis, obstructive sleep apnea, a seizure disorder, depression and anxiety. (R. 30)  At step three, the ALJ concluded that Tonti does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 30-32) Between steps three and four, the ALJ found that Tonti has the residual functional capacity ("RFC") to perform sedentary work with certain restrictions. (R. 32-43) At step four, the ALJ found that Tonti is unable to perform any past relevant work. (R. 43) At the fifth step of the analysis, the ALJ concluded that, considering Tonti's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform. (R. 43-44) As such, the ALJ concluded that Tonti was not under a disability during the relevant period. (R. 44)

III. Discussion

Approximately two weeks after the conclusion of the hearing, Tonti submitted a memorandum of law and a report and CV from a vocational expert ("Heckman Report"). (R. 27) The Heckman Report, described as a "rebuttal" vocational expert report, sought to refute the testimony of the vocational expert who testified during the hearing. The ALJ declined to consider the Heckman Report. (R. 27) The ALJ explained that, although the evidence was submitted after the hearing but prior to the issuance of the decision it failed to satisfy the criteria set forth in 20 CFR 404.935(b), 416.1435(b) or HALLEX I-2-6-59. (R. 27) Additionally, the ALJ noted, Tonti's representative acknowledged at the conclusion of the hearing that the record was complete except for outstanding neurology records. (R. 27) Further, counsel for Tonti did not ask to submit a post-hearing brief nor to bring a vocational expert to the hearing. (R. 27) In rejecting the evidence, the ALJ stated, "To permit this type of post-hearing expert evidence is not only contrary to agency regulations but also would unnecessarily prolong cases and final decisions on disability matters that have already been pending for quite some time." (R. 27)

The ALJ's rejection of the Heckman Report and of the accompanying memorandum challenging the VE's testimony presented at the hearing form the basis of Tonti's appeal. Tonti urges that all three jobs the VE identified as available and consistent with her RFC each exceed the requirements of her RFC and / or no longer exist in significant numbers in the national economy. Tonti directs this Court's attention to Social Security Regulation 96-9p, which addresses a claimant's RFC and the use of vocational resources. SSR 96-9p provides, in part, that "[a] VE may be used before, during, or after

4

a hearing. Whenever a VE is used, the individual has the right to review and respond to the VE evidence prior to the issuance of a decision." *See* Social Security Administration, "Titles II and XVI: Determining Capability to Do Other Work – Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work, SSR 96-9P: (July 2, 1996). Tonti urges that this Policy Interpretation permits her to submit rebuttal vocational expert evidence prior to the issuance of the ALJ's decision. Because the evidence was submitted in advance of the decision in this case, she insists that the ALJ erred in failing to consider it in weighing the original VE's testimony.

The Government disagrees, referring to the same "five-day" rule that the ALJ relied upon in rejecting the evidence. That regulation provides:

> [e]ach party must make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence, as required in 404.1523, no later than 5 business days before the date of the scheduled hearing. If you do not comply with this requirement, the administrative law judge may decline to consider or obtain the evidence, unless the circumstances described in paragraph (b) of this section apply.

29 C.F.R. 935(a). Paragraph (b) explains that an ALJ will accept untimely evidence if a decision has not yet been issued under certain circumstances, such as where the agency's actions misled the claimant, the claimant had a physical, mental, educational or linguistic limitation that prevented him / her from timely submitting the evidence, or where some other, unusual, unexpected, or unavoidable circumstance beyond the claimant's control prevented the timely submission of evidence. 20 C.F.R. 404.935(b).

I note that this issue seems to be playing out in different districts across the country, often by the same claimant's attorney as in this case.[1] I recognize counsel's

---

[1] See, for instance, *Murnahan v. Commissioner of Social Security*, Civ. No. 19-1348, 2020 WL 7024847 (N.D. Ohio Nov. 30, 2020); *Delmonaco v. Berryhill*, Civ. No. 17-345, 2018 WL 1448558 (D. Or. March 23, 2018); *Koehler v.*

contention that it would be difficult to predict what evidence a VE would present at the hearing and to anticipate how to respond to such evidence at the hearing, particularly given the density of the Dictionary of Occupational Titles. And though the contention that the DOT may be obsolete is not without merit, the SSA regulations list the DOT as an example of job data that the Commissioner will take administrative notice of in determining "that unskilled, sedentary, light, and medium jobs exist in the national economy." 20 C.F.R. 404.1566(d). Nevertheless, the claimant is permitted to object to such testimony and to question the VE as to the methodology used in arriving DOT codes and figures. Further, counsel may request the opportunity to timely submit rebuttal evidence. Tonti did not do so in this instance. She stipulated to the VE's qualifications and did not pose any questions concerning the continued relevance or obsolescence of the DOT.

Consequently, I agree with the *Murnahan* court that, "absent any specific evidence to the contrary, such as when a claimant makes an on the record request at the hearing to hold the hearing open for post-hearing brief detailing his objection to the VE's testimony and the ALJ clearly agrees to so hold the record open, a claimant who fails to object at the hearing to the testimony of a VE waives the right to subsequently object to that testimony and an ALJ has no obligation to address unsolicited post-hearing objections to the VE testimony." *Murnahan v. Commissioner of Social Security*, Civ. No. 19-1348, 2020 WL 7024847, at * 6 (N.D. Ohio Nov. 30, 2020). *See also, Pawlowic v. Commissioner of Soc. Sec.*, Civ. No. 17-3141, 2019 WL 1923649 (E.D. Pa.

---

*Berryhill*, Civ. No. 17-3487, 2018 WL 3861725 (N.D. Cal. Aug. 14, 2018); *Gentry v. Berryhill*, Civ. No. 18-3044, 2018 WL 6045257 (D. Neb. Nov. 19, 2018); *Patterson v. Saul*, Civ. No. 18-0641, 2019 WL 4237854 (M.D. Tenn. Aug. 2, 2019), R. & R. adopted, 2019 WL 4237855 (M.D. Tenn. Aug. 23, 2019); and *Postel v. Saul*, Civ. No.18-2017 , 2019 WL 4720990 (N.D. Iowa Sept. 26, 2019).

Apr. 30, 2019); *Gentry v. Berryhill*, Civ. No. , 2018 WL 6045257, at * (D. Nev. Nov. 19, 2018) (finding ALJ did not err in failing to discuss post-hearing submission of rebuttal evidence challenging VE's testimony where ALJ held record open for 7 days and claimant failed to timely submit evidence and objections) *But see, Allen v. Commissioner of Soc. Sec.*, 475 F. Supp.3d 413 (M.D. Pa. 2020) Here, Tonti neither objected to the VE's testimony at the hearing nor obtained any agreement from the ALJ either prior to the hearing to hold the proceedings open for post-hearing submissions. Consequently, she waived the right to object to that testimony.[2]

---

[2] This case differs from that in *Mattox v. Saul*, Civ. No. 19-1229, 2020 WL 6047173 (W.D. Pa. Oct. 13, 2020), where remand for consideration of post-submission briefs was required. In that instance, the ALJ permitted and considered the filing of post-hearing briefs yet failed to address the objections raised therein.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHELBY TONTI, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No. 20-92 |
| | ) | |
| ANDREW M. SAUL, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
|     Defendant. | ) | |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 11th day of February, it is hereby ORDERED that the Plaintiff's Motion for Summary Judgment (Docket No. 10) is DENIED and the Defendant's Motion for Summary Judgment (Docket No. 14) is GRANTED. It is further ORDERED that this case shall be marked "Closed" forthwith.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

8